**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | |
|---|---|
| CATHERINE SUZANNE BENNETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     No.:     1:19-CV-361-PLR-CHS |
| | ) |
| RUSSELL GRISSOM, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a federal habeas action filed pursuant to 28 U.S.C. § 2254.  On December 17, 2019, the Court entered an order providing that Petitioner would have fifteen days from the date of entry of the order to pay the $5.00 filing fee or submit the documents necessary to proceed *in forma pauperis* [Doc. 4 p. 1].  The Court also warned Petitioner that if she failed to timely comply with that order, the Court would dismiss this action [*Id.*].  More than fifteen days have passed, and Petitioner has not complied with this order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or any order of the court."  *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).  The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness and/or fault. Specifically, it appears that Petitioner received the order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent.

As to the third factor, the Court warned Petitioner that the Court would dismiss this case if she failed to comply with the Court's order [Doc. 4 p. 1].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner has not communicated with the Court since filing her habeas petition.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Petitioner's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

2